

**EXHIBIT A**

| Anna Elizabeth | v. | Tracy Armstrong |
|---|---|---|
| **CLAIMANT** | | **RESPONDENT** |

## SECOND ORDER TO AMEND NONCOMPLIANT CLAIM

You filed the above-referenced claims of copyright infringement against the same respondent.  The Copyright Claims Board (Board) finds that your claims, as amended, still do not comply with the requirements of the CASE Act and related regulations.  The claims cannot move forward unless they are properly amended.

If you wish to proceed with these claims, you must file a second amended claim in *each proceeding* by **July 26, 2024**.  If you do not, the Board must dismiss your claims without prejudice, although you may file again in the future before the Board or in federal court.  There is no additional filing fee for an amended claim.  If you file second amended claims and they are found compliant, you will be notified and directed to proceed with service.  However, if any second amended claim also is found not to comply, the Board will dismiss that proceeding without prejudice.  17 U.S.C. § 1506(f)(1)(B).

To make your second amended claims compliant, you must resolve the issues identified below.  37 C.F.R. § 224.1(c)(2).  You may also choose to correct or edit any errors or other information in your claims before you file them again.  You do not need to provide a legal argument in your claims – just a statement of facts and circumstances.  Being specific in your description gives the other party and the Board more information about your claims.  There is no character limit, so please be as detailed as possible.

**Copyright Registration**

The Board can only hear a copyright infringement claim if, *before* the claim was filed, (1) the Copyright Office issued a registration certificate for the copyrighted work or (2) the legal or beneficial owner of the copyright applied to register the copyright by delivering a completed application, deposit, and fee to the Copyright Office, and the Copyright Office has not refused the application.  17 U.S.C. § 1505(a).

You filed Claim No. 24-CCB-0135 on May 9, 2024, alleging infringement of a sound recording registered by the Copyright Office, titled, "What is Your SP Thinking/Feeling When You're Manifesting Them?"  Your amended claim in that proceeding adds two more allegedly infringed works, titled "Manifesting (Your SP) in a Millisecond" and "Thought Transmission is Your Super Power."  You state that the Copyright Office has not registered those two works, and you provide service request numbers 1-13923725450 and 1-13923577811 for pending applications for their registration.  Copyright Office records for those applications indicate that they were submitted on June 9,

2024, one month after you filed Claim No. 24-CCB-0135. Because "Manifesting (Your SP) in a Millisecond" and "Thought Transmission is Your Super Power" were neither registered nor subject to complete applications before this claim was filed, the Board cannot hear a claim of infringement of those two works in *this* proceeding. Instead, now that the applications have been filed, you would need to refile your infringement claim for those two works in a *new* proceeding.

If you believe the above statements regarding your applications are in error, you may submit a second amended claim in Claim No. 24-CCB-0135 that shows that a complete application was submitted before you filed the claim on May 9, 2024. Otherwise, to move forward with a claim of infringement of "What is Your SP Thinking/Feeling When You're Manifesting Them?" in Claim No. 24-CCB-0135, the "Works Infringed" section of your second amended claim must omit the other two works.

**Substantial Similarity**

Your amended claims do not include enough facts that explain or show the similarities between your works and the respondent's allegedly infringing works. If it is not readily apparent from supplemental documents that are submitted with the claim, you must provide some specific allegations about how the allegedly infringing works are substantially similar to elements of your works that copyright protects.

You allege that you publish "works on the topics of metaphysics, manifestation and life coaching" on a public YouTube channel, and that the respondent became your coaching client after viewing and studying your YouTube videos. You also allege that videos on the respondent's YouTube channel are "quoting me verbatim," and "are saturated with direct quotes of my work, paragraphs of them, even using the same exact words, copying every single teaching of mine, every concept, every idea." Supplemental documents filed with your amended claims include copies of each of your allegedly infringed works listed in the "Works infringed" section of each amended claim. Other supplemental documents include three files, labeled as "Video Evidence," that present excerpts of your some of your audio recordings along with what appear to be excerpts of the respondent's YouTube videos.

The materials that you present do not show substantial similarities in copyrightable expression protected by your copyrights. You have not shown a basis for your general allegations that the respondent's videos include extensive, verbatim quotes from any allegedly infringed works, and you have not shown any other basis to find that expressive material in those works is substantially similar. Information about copyrightable authorship is available in Sections 302, 308, and 313 of **Chapter 300** of the *Compendium of U.S. Copyright Office Practices, Third Edition*. A valid copyright only extends to copyrightable subject matter, and copyright law only protects the components of a work that are original to the author. Copyright law does not protect concepts or ideas; it only protects original elements of expression. Copyright also does not protect individual words or common, short phrases, and the sporadic use of the same word or short phrase is not enough by itself to make two works substantially similar.

The "Video Evidence 1.mp4" file appears to compare excerpts of two of your sound recordings, titled "The Magic Trick That Changes Everything" and "How to Jump Into a Parallel Reality," with excerpts of certain respondent videos. However, your claims do not list either of those two sound recordings as allegedly infringed

works, and you do not identify a registration or pending application for registration of either sound recording. Therefore, any similarities that may exist between those works do not support claims based on infringement of any works listed in the "Works infringed" section of your amended claims.

The "Video Evidence 2.mp4" file begins with an excerpt from your "What is Your SP Thinking/Feeling When You're Manifesting Them?" recording, which states, "It's entirely up to you. You are the screenwriter, the director, the storyteller. So, if the character in your movie gets the assignment to be fine without you and, you know, to be just fine and having a jolly good time without you, while you're over here miserable, then that's the script you wrote, darling." The next excerpt in the file seems to be from an allegedly infringing YouTube video titled "Sheer Will vs Effortless Manifesting," which states, "Knowing your place in this reality, knowing your, you know, your role in this reality, which, you know, your role is, you are the writer, you are the director, you are also the star, you are the main event." That does not appear to be an extensive, verbatim quote of your work, as alleged. The allegedly infringing work shares a few words with your work, employing a similar metaphor, but expresses it in a substantially different way. Calling someone the writer and director of their own story is a concept that copyright does not protect.

The "Video Evidence 2.mp4" file, starting at about the 1:19 point, also includes an excerpt from "Your SP is You Pushed Out," the allegedly infringed work at issue in Claim No. 24-CCB-0136. That excerpt states, "again, if you're like with your SP, and you're not talking to them or not seeing them, every time you find yourself thinking about this person, you need to catch yourself, what it is you're thinking. You really need to do this, you know." The next excerpt, which begins at about the 2:00 point in that file, seems to be from a respondent YouTube video titled "Parallel Realities and Thought Transmission," and it includes this statement: "They are still reflecting you. They are still reflecting your dominant thoughts, right? So, you have to break the habit of giving your power away, and you have to catch yourself every time you think, 'they're doing something that I don't like[.]" Again, your work and the allegedly infringing video express some similar concepts, which are not protected. They express those concepts differently or share only occasional, common short phrases, which also are not protected.

Your "Video Evidence 3.mp4" file, starting at about the 0:30 point, includes an excerpt from your sound recording titled "Your SP Has No Free Will," which is among the works listed in the "Works infringed" section in Claim No. 24-CCB-0148. That excerpt states: "Creating on purpose, quite frankly, does require delusion, in the healthiest sense of the expression. It does require delusion. Delusion to what? To what has happened thus far. There is no other way to create anything new." The next excerpt in that file appears to be an allegedly infringing respondent video titled "Delusion or Creation," which states: "You're not waiting for the evidence. Your job is to assume that it is already so. Be delusional. This is how you create something different, right? So, we can talk about parallel realities, and, you know, being delusional is actually a requirement for you to shift into a different, parallel reality." While both works state the idea that creation requires delusion, that idea is not protected by copyright, and the works express it in distinct ways.

You do not identify any other aspect of any allegedly infringing works as substantially similar to any original elements of expression in any allegedly infringed work listed in the "Works infringed" section of any of your three

amended claims (other than works discussed in the "Copyright Registration" section of this order, which cannot be the basis of your claims in the current proceedings). If there are such areas of substantial similarity, you must provide specific allegations that detail the similarity. If you submit second amended claims, your description should include more specific allegations, identifying specific copyrightable subject matter in your works that the respondent copied. More information about what to include in the "Describe the infringement" section is available at pages 15-16 of the [Starting an Infringement Claim](#) chapter of the CCB Handbook.

**Final Amendment**

Your amended claims resolved the issues raised in the May 20, 2024 noncompliance order. However, they raise additional issues, discussed above, that must be addressed for the claims to move forward. **This is your third and final opportunity to submit compliant claims. If any of your claims remain noncompliant, its entire proceeding will be dismissed.** 17 U.S.C. § 1506(f)(1)(B).

To submit an amended claim, log into your eCCB account and take the following steps:
1. From your dashboard, click the "**Amend claim**" button and select your docket number from the dropdown list.
2. Your claim will unlock for editing. The information you originally entered will appear in the same order as in your original claim.
3. Make the necessary edits. If you have filed supplemental documents, you must re-upload any documents you wish to include in the amended claim on the "**Documentation**" page. Please include only documents directly related to your claim, and label them clearly.
4. Once you have completed your edits, continue to click through the fillable claim form until you reach the "**Review**" page. The Review page includes all the information that you have provided in the claim up to this point. Carefully double-check the information on this page. If you have any corrections, you can select "**Edit**" to revise any entries necessary. Each section of information has an "**Edit**" button, which will take you back to that section so you can make changes. After you make changes, you can click "**Save & review**" to return to the Review page. Please review your claim carefully. Once you submit your amended claim, you will be unable to edit the claim while it is in compliance review.
5. Once you have completed your review and any revisions, you must confirm that the information in your claim is accurate and truthful to the best of your knowledge. To complete the declaration, type your full name into the "**Digital signature**" box near the bottom of the "**Review filing**" page and click "**Agree & submit**."

Repeat the above steps for **each claim** that you are amending.

If you have questions, please contact **asktheboard@ccb.gov**. Include your docket number(s) in the subject line. The Board is unable to provide legal advice. We can only provide legal information and assistance concerning Board procedures and requirements. If you would like to seek further guidance from a lawyer or a law student at

reduced or no cost, please visit the **Pro Bono Assistance** page on ccb.gov.  You may also refer to the **Compliance Review** chapter of the CCB Handbook for more assistance.

Copyright Claims Attorney