UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Traci Armstrong, and Your Muse Traci, LLC,

Plaintiffs,

-against-

Anna Elizabeth, and Magic & Miracles,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/23/2026_

24 Civ. 6956 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By order dated October 8, 2025, the Court granted Plaintiffs' request for an extension in time to initiate default judgment proceedings against Defendants. ECF No. 55 (requiring Plaintiffs to initiate default proceedings by October 30, 2025); *see also* ECF No. 56 (Clerk's Certificate of Default as to Anna Elizabeth and Magic & Miracles). Plaintiffs initiated default proceedings at the Court's direction because, in its previous orders, the Court determined that Defendant Magic & Miracles, a sole proprietorship, cannot appear *pro se*. *See* ECF Nos. 39, 46, 48 (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] sole member limited liability company must be represented by counsel to appear in federal court.")).

Because the Court, however, "possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final," *Sanderson v. Leg Apparel, LLC*, No. 19 Civ. 8423, 2023 WL 8039499, at *1 (S.D.N.Y. Nov. 20, 2023) (citation omitted), the Court reconsiders *sua sponte* whether Defendant Magic & Miracles may appear *pro se* in this action. The party at issue in *Lattanzio* involved a "sole member limited liability company," which the Second Circuit distinguished from a sole proprietorship, which "has no legal existence apart from its owner." 481 F.3d at 140. Here, Defendant Magic & Miracles appears to be a sole proprietorship and has no legal existence apart from Defendant Anna Elizabeth. *See* Compl. ¶ 8, ECF No. 1. Accordingly, because "[t]he Second Circuit has not yet addressed this specific issue" and because "numerous courts in this Circuit have held that a sole proprietorship may proceed *pro se*," the Court allows Defendant Magic & Miracles to proceed *pro se* in this case. *Maersk Line A/S v. Carew*, No. 19 Civ. 4870, 2021 WL 431242, at *1 n.1 (S.D.N.Y. Feb. 8, 2021) (collecting cases).

As to *pro se* Defendant Anna Elizabeth, by letter dated October 28, 2025, she stated that she was "not properly served [with] the papers of this lawsuit." Def. Ltr. I, ECF No. 57. In a letter dated December 5, 2025, Anna Elizabeth stated that "this court never had jurisdiction over [her] in the first place, because the Plaintiff failed to follow procedure and lied about it." Def. Ltr. II at 1, ECF No. 59; *see also id.* at 2 ("I would kindly like to ask the court to dismiss this case with prejudice or to please give me time to file a motion to dismiss.").

By order dated December 18, 2025, the Court directed Anna Elizabeth to file a letter indicating whether she seeks to move to dismiss on a basis other than for insufficient service of process by December 23, 2025. *See* ECF No. 60. As the Court determined in that order, Anna Elizabeth waived that defense when she answered the complaint through her previous counsel. *See*

Answer, ECF No. 27; *see also* Fed. R. Civ. P. 12(h)(1).  Anna Elizabeth did not file any update. Accordingly, to the extent Anna Elizabeth's December 5 letter constituted a motion to dismiss based on insufficient process, the Court DENIES that motion as moot.

       SO ORDERED.

Dated:  January 23, 2026
        New York, New York

                                            _____

                                            ANALISA TORRES
                                      United States District Judge